GEORGE B. REYNOLDS, widower of LOUISA REYNOLDS, deceased, vs. EDGAR TIMOTHY TOWNSEND.

1. NEGLIGENCE—TAKING CASE FROM JURY.

In an action for damages for the death of plaintiff's wife, alleged to have been caused by defendant's negligence, it was the court's duty to take the case from the jury, where the plaintiff failed to show any negligence on the part of the defendant.

2. MUNICIPAL CORPORATIONS—USE OF STREET—DRIVING HORSE—DEGREE OF CARE.

Where defendant, in an action for damages for the death of plaintiff's wife alleged to have been occasioned through defendant's negligence in driving his vehicle against her, was, at the time of the accident, in the exercise of all the care that a reasonably prudent man would or could have exercised under the circumstances, he was not liable.

(*November* 4, 1915.)

PENNEWILL, C. J., and CONRAD, J., sitting.

*J. Hall Anderson* for plaintiff.

*Henry Ridgely* and *George M. Fisher, Jr.*, for defendant.

Superior Court, Kent County, October Term, 1915.

Action on the Case, No. 16, July Term, 1914.

Action by George B. Reynolds against Edgar Timothy Townsend for damages for death of plaintiff's wife, alleged to have been occasioned through the negligence of the defendant. Motion for nonsuit granted. Binding instructions for defendant.

Plaintiff claimed that on November 3, 1914, while his wife was standing on the foot-crossing about eight or ten feet outside of the curb or sidewalk, on Railroad Avenue where it intersects Wyoming Avenue, in the Town of Wyoming, and while looking in a westerly direction toward a freight train, which was passing on the opposite side of Railroad Avenue, the defendant so negligently drove without warning a three year old horse to a no-top buggy between the plaintiff's wife and the curb, near which she was standing, that the wheel of the vehicle struck and knocked down plaintiff's wife, producing certain injuries which later resulted in a malignant cancer in the left breast; that on March tenth following the accident an operation was performed and the cancer removed, resulting in death.

Plaintiff testified that Railroad Avenue and Wyoming Avenue are wide streets; and he contended that as defendant was in full view of the decedent, for a distance of more than a hundred feet, the latter was negligent in failing to so guide and direct the movements of his horse as to prevent the accident.

Two other witnesses testified that, at or about the time of the accident the defendant seemed to be doing all he could to control the horse, which was rearing and bucking. There was no testimony which showed that the horse had ever behaved in the same manner before. One witness testified that on the day of the accident the horse while hitched on the street was standing perfectly quiet.

At the conclusion of plaintiff's testimony, counsel for defendant moved for a nonsuit, on the ground that the plaintiff had failed to show any act of negligence on the part of the defendant.

In reply it was contended that negligence had been shown, on the part of the defendant, in driving upon the public street a three year old colt, which from common knowledge was to be presumed unbroken at that age.

CONRAD, J., delivering the opinion of the court:

The court followed with care the testimony of the witnesses and have listened attentively to all that has been said by counsel in the case, but we fail to see where any negligence has been shown on the part of the defendant that would render him liable for any injuries resulting to plaintiff.

[1, 2] The court always feels the greatest reluctance in taking a case from a jury, but it is the court's duty to do so when plaintiff has failed to show any negligence upon the part of the defendant. The court is of the opinion that the evidence presented by the plaintiff clearly shows that the defendant at the time of the accident was in the exercise of all the care that a reasonably prudent man would or could have exercised under the circumstances.

We feel it our duty, therefore, to grant a nonsuit.

*Mr. Anderson:*—If your Honors please, the plaintiff refuses to accept a nonsuit.

CONRAD, J., charging the jury:

For the reasons stated in the opinion the court has just announced, we direct you to find a verdict for the defendant.

Verdict for defendant.